UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | |
|---|---|
| RAMONE JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-152 |
| ) | |
| v. ) | HON. ROBERT HOLMES BELL |
| ) | |
| LINDA METRISH, et al., ) | |
| ) | |
| Defendants. ) | **OPINION** |
| ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff[1] has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

---

[1] Plaintiff Jackson states that inmate Kory Smith is also a plaintiff in this matter. However, Kory Smith did not sign the complaint. Each plaintiff must sign every pleading filed or the pleading cannot be considered a pleading of the unsigned plaintiff. The federal courts uniformly reject representation during litigation by unlicensed lay people. *See e.g. Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41 (1st Cir. 1982) (prisoners); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990) (parent/child); *Bonacci v. Kindt*, 868 F.2d 1442 (5th Cir. 1989). *See also United States v. Whitesel*, 543 F.2d 1176 (6th Cir. 1976), *cert. denied* 431 U.S. 967 (1977) (rule applied in criminal matter). A person may appear in the federal courts only *pro se* or through legal counsel. 28 U.S.C. § 1654. Plaintiff Jackson may not represent Kory Smith in this matter. Therefore, the court need not consider Kory Smith's claims in its consideration of the complaint.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Kinross Correctional Facility (KCF). In his *pro se* complaint, he sues Defendants Warden Linda Metrish, Deputy Warden Fred Hancock, Assistant Deputy Warden Kathy Olson, MDOC Director Patricia Caruso, and Step III Grievance Respondent Jim Armstrong.

Plaintiff claims that Defendants did not transfer him to a non-smoking unit in a timely manner because of his race. Plaintiff states that white prisoners who requested such a transfer were given priority. For relief, Plaintiff requests damages and equitable relief.

II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his

complaint, if the decision is available.[2] *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000).  A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claim that he was discriminated against on the basis of his race may be grieved.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve ethnic discrimination, staff brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits."  *Knuckles El*, 215 F.3d at 642.  Plaintiff attaches copies of his grievance, grievance appeals, and the responses.  A review of these documents reveals that the only Defendant named in the grievance was Defendant Metrish.  It does not appear that Plaintiff ever filed grievances on the remaining Defendants.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule.  Under the total exhaustion rule,

---

[2]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V. The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

        A Judgment consistent with this Opinion will be entered.


Date:   September 16, 2005                  /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT  JUDGE